UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RANDY KINCAID, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos.: 3:10-CR-160-TAV-HBG-2 |
| ) | 3:17-CV-29-TAV-HBG |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's amended motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 [No. 3:17-cv-29-TAV-HBG, Doc. 5-1]. Respondent responded, asserting that the motion is time-barred, among other things [*Id.*, Doc. 11]. For the following reasons, the § 2255 motion [*Id.*, Doc. 1] will be **DENIED** as time-barred, and this action will be **DISMISSED**.

### I. BACKGROUND

On October 30, 2013, Petitioner was found guilty by jury trial of 26 counts of a 27-count Superseding Indictment [No. 3:10-cr-160-TAV-HBG-2, Doc.185]. On May 9, 2014, the Court sentenced Petitioner to 830 months' imprisonment followed by three years of supervised release [*Id.*, Doc. 248]. Petitioner appeal this conviction; however, the Sixth Circuit rejected his claims and affirmed his conviction and sentence. *See generally United States v. Kincaid*, 631 F.App'x 276 (6th Cir. 2015). On January 30, 2017, Petitioner filed a § 2255 motion, arguing that he is entitled to a sentence reduction based on ineffective assistance of counsel [No. 3:17-cv-29-TAV-HBG, Doc. 1]. Petitioner later moved to

amend his motion, which this Court granted [No. 3:17-cv-29-TAV-HBG, Doc. 9]. The Court now considers Petitioner's amended § 2255 motion [No. 3:17-cv-29-TAV-HBG, Doc. 5-1].

## II.  DISCUSSION

The government argues that Petitioner's § 2255 motion is time-barred [No. 3:17-cv-29-TAV-HBG, Doc. 11]. A prisoner in federal custody may file a motion under 28 U.S.C. § 2255, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Section 2255(f) provides that the one-year statute of limitations, which runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

A conviction becomes "final [for purposes of § 2255(f)(1)] at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting

2

*Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). If affirmed on appeal, a conviction becomes final when the 90-day period for seeking a writ of certiorari expires. *Clay v. United States*, 537 U.S. 522, 525 (2003); *accord* U.S. Sup. Ct. Rule 13(3).

Petitioner's conviction and sentence were affirmed by the Sixth Circuit on October 26, 2015, and he did not seek a writ of certiorari from the Supreme Court. Therefore, Petitioner's conviction became final on January 25, 2016. Pursuant to the one-year statute of limitations period, Petitioner had one year, until January 25, 2017, in which to file a timely § 2255 motion. *See* 28 U.S.C. § 2255(f)(1). Petitioner, however, executed his § 2255 motion on January 26, 2017, and the motion was not filed with the Court until January 30, 2017 [No. 3:17-cv-29-TAV-HBG, Doc. 1]. Petitioner's § 2255 motion is therefore time-barred under 28 U.S.C. §2255(f)(1). Moreover, Petitioner does not identify any new right recognized by the Supreme Court, so his motion cannot be brought under the alternate one-year limitations period in § 2255(f)(3). Accordingly, Petitioner's motion will be time-barred unless he is entitled to equitable tolling.

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6th Cir. 2001). A petitioner bears the burden of establishing that equitable tolling applies to his case, and the doctrine is used sparingly. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). In order to demonstrate that he is entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 (holding that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day.").

In his amended § 2255 motion, Petitioner asserts that his counsel was ineffective in a variety of ways. Petitioner argues that he is entitled to equitable tolling because he was in transit for five months and on "lock-down" for "extended periods of time" [No. 3:17-cv-29-TAV-HBG, Doc. 5-1]. However, the Sixth Circuit has previously held that time spent in transit is not a circumstance extraordinary enough to justify equitable tolling where a Petitioner could have diligently pursued his rights and timely filed a § 2255 motion during the remaining year-period available to him. *See Brown v. United States*, 20 Fed. App'x 373, 375 (6th Cir. 2001). And Petitioner does not provide any explanation for his failure to timely file his motion in the periods that he was not in transit or on lock-down. Thus, Petitioner has not demonstrated or established that he has pursued his rights diligently, or that any extraordinary circumstances prevented him from filing a timely § 2255 motion. The Court therefore has not been provided with "compelling equitable considerations" to justify extending the period of limitations by "even a single day." *Jurado*, 337 F.3d at 643. Because his § 2255 motion is untimely and he is ineligible for equitable tolling, Petitioner's motion will be dismissed.

## III. CONCLUSION

The Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and his motion to vacate, set aside or correct sentence [No. 3:17-cv-29-TAV-HBG, Doc. 5-1] will be **DENIED** and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. As the Court has dismissed this action on procedural grounds without reaching the merits of the underlying claims, and jurists of reason would not find it debatable that the Court is correct in finding that the § 2255 petition is untimely, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A Judgment will enter **DENYING** the Motion [No. 3:17-cv-29-TAV-HBG, Doc. 5-1].

AN APPROPRIATE ORDER WILL ENTER.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE